ALEXANDER M. DUDELSON, ESQ. (AD4809)
26 Court Street - Suite 2306
Brooklyn, New York 11242
(718) 855-5100
(718) 624-9552 Fax
Email: adesq@aol.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JEROME BONAPARTE,                                   Case No.: 17-cv-2353

                         Plaintiff,                     COMPLAINT AND
                                                    JURY DEMAND

    -against-

TRI-STATE BIODIESEL, LLC and
BRENT BAKER,

                         Defendants.
-------------------------------------------------------------X

        Plaintiff, JEROME BONAPARTE, by his attorney, ALEXANDER M. DUDELSON, ESQ., upon information and belief complains as follows:

### NATURE OF THE ACTION

        1.     Plaintiff JEROME BONAPARTE alleges that he is entitled to: (i) unpaid wages from defendants for overtime work for which he did not receive overtime premium pay as required by law, and (ii) liquidated damages pursuant to Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, because defendants' violations are willful.

        2.     Plaintiff JEROME BONAPARTE further complains that he is entitled to (i) back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 *et seq.* and the supporting New York State Department of Labor regulations, (ii) liquidated damages pursuant to New York Labor Law for

these violations, and (iii) statutory damages for violations of the Wage Theft Prevention Act.

## THE PARTIES

3.  Plaintiff JEROME BONAPARTE is an adult individual residing in Brooklyn, New York.

4.  Upon information and belief, defendant TRI-STATE BIODIESEL, LLC is a foreign limited liability company organized under the laws of the State of Delaware, with a principal place of business located at 531 Barretto Street, Bronx, New York 10474.

5.  Defendant TRI-STATE BIODIESEL, LLC is authorized to and does perform business within the State of New York.

6.  At all relevant times, defendant TRI-STATE BIODIESEL, LLC has been, and continues to be, employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

7.  Upon information and belief, at all relevant times, defendant TRI-STATE BIODIESEL, LLC had a gross revenue in excess of $500,000.00.

8.  Upon information and belief, at all relevant times herein, defendant TRI-STATE BIODIESEL, LLC have used goods and materials produced in interstate commerce and have employed at least two individuals who handled such goods and materials on a regular basis.

9.  Upon information and belief, at all times relevant herein, defendant TRI-STATE BIODIESEL, LLC have constituted an "enterprise" as defined in the FLSA.

10. Upon information and belief, defendant BRENT BAKER is an owner or part owner and principal of TRI-STATE BIODIESEL, LLC, who has the power to hire and fire employees, set wages and schedules, and retain their records.

11. Defendant BRENT BAKER was involved in the day-to-day operations of TRI-STATE BIODIESEL, LLC and played an active role in managing the business.

12. Defendant BRENT BAKER constituted an "employer" of plaintiff as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over plaintiff JEROME BONAPARTE's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over plaintiff JEROME BONAPARTE's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

14. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendant TRI-STATE BIODIESEL, LLC is authorized to and does perform business within the State of New York.

## FACTS

15. In or about December of 2009, defendant BRENT BAKER hired plaintiff, JEROME BONAPARTE, to work as a driver for the defendants' petroleum refining and recycling company, where his job responsibilities included driving defendants' trucks to designated restaurants within the borders of New York City and Long Island for the purposes of collecting used oil from those establishments and returning it to the defendants' processing plant where it was ultimately refined and recycled into crude oil and then sold to third parties where it was processed into bio-fuel.

16. Plaintiff JEROME BONAPARTE continued to work in such capacity for the defendants until July of 2014.

17. During the course of plaintiff JEROME BONAPARTE's employment with defendants, he routinely worked six days per week, Monday through Saturday.

18. During the course of plaintiff JEROME BONAPARTE's employment with defendants, his daily shift would normally consist of ten (10) hours each day, from 6:00 a.m. to approximately 4:00 p.m.

19. During the course of plaintiff JEROME BONAPARTE's employment with defendants, his daily shift would occasionally consist of eleven (11) hours each day, from 6:00 a.m. to 5:00 p.m.

20. From December 2009 through December 2010, defendants paid plaintiff JEROME BONAPARTE $18.00 per hour.

21. From January 2011 through December 2011, defendants paid plaintiff JEROME BONAPARTE $19.00 per hour.

22. From January 2012 to December 2012, defendants paid plaintiff JEROME BONAPARTE $20.00 per hour.

23. From January 2013 to July 2014, defendants paid plaintiff JEROME BONAPARTE $23.00 per hour.

24. Plaintiff worked a minimum of fifty (50) hours each week and was paid at his straight time regular rate up to fifty (50) hours.

25. Plaintiff was paid the overtime "bonus" for hour worked beyond (50) hours.

26. Defendants willfully failed to pay plaintiff JEROME BONAPARTE the overtime "bonus" for hours worked beyond 40 and up to 50 in workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

27. Defendants failed to provide Plaintiff JEROME BONAPARTE with a written notice of his regular rate of pay or overtime rate of pay, in violation of New York Labor Law § 195.1 and the Wage Theft Prevention Act.

28. Upon information and belief, while defendants employed Plaintiff JEROME BONAPARTE and throughout all relevant time periods, defendants failed to maintain accurate sufficient time records.

29. Upon information and belief, while Defendants employed Plaintiff JEROME BONAPARTE and through all relevant time periods, defendants failed to post or keep posted a notice explaining the overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I

### (Fair Labor Standards Act - Overtime)

30. At all relevant times, defendants employed Plaintiff JEROME BONAPARTE within the meaning of the FLSA.

31. At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

32. As a result of defendants' willful failure to compensate plaintiff JEROME BONAPARTE, at a rate not less than one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a) (1) and 215(a). The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

33. Due to defendants' FLSA violations, Plaintiff JEROME BONAPARTE is entitled to recover from defendants his unpaid overtime compensation, an additional equal amount as liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### (New York Labor Law - Overtime)

34. Plaintiff JEROME BONAPARTE, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

35. At all relevant times, Plaintiff JEROME BONAPARTE and the members of the class were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

36. Defendants willfully violated Plaintiff JEROME BONAPARTE's rights by failing to pay him overtime compensation at rates not less than one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et *seq.* and its supporting regulations in 12 N.Y.C.R.R § 137.

37. Defendants failure to pay overtime was willful within the meaning of New York Labor Law § 663 and supporting regulations.

38. Due to defendants New York Law or Law violations, Plaintiff JEROME BONAPARTE is entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 663(1).

## COUNT III

(New York Labor Law - Failure to Pay Wages)

39. Plaintiff JEROME BONAPARTE repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

40. At all relevant times, Plaintiff JEROME BONAPARTE was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

41. Defendants willfully violated Plaintiff JEROME BONAPARTE's rights by failing to pay him wages owed for all hours worked, in violation of New York Labor Law § 191 and its implementing regulations.

42. Defendants' failure to pay wages was willful within the meaning of New York Labor Law § 198 and supporting regulations.

43. Due to defendants' New York Labor Law violations, Plaintiff JEROME BONAPARTE is entitled to recover from defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 663(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JEROME BONAPARTE respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against defendants officers, agents, successors, and their employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

d. An award of liquidated damages as a result of defendants' willful failure to pay the statutory overtime compensation pursuant to 29 U.S.C. § 216;

e. A compensatory award for unpaid wages;

f. Liquidated damages for defendants' New York Labor Law violations;

g. Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

h. Back pay;

i. Punitive damages;

j. An award of prejudgment and post judgment interest;

k. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

l. Such other, further, and different relief as this Court deems just and proper.

Dated: Brooklyn, New York
March 31, 2017

ALEXANDER M. DUDELSON, ESQ. (AD4809)
*Attorney for Plaintiff*
26 Court Street - Suite 2306
Brooklyn, New York 11242
(718) 855-5100