

JEROME BONAPARTE,

                Plaintiff,

-v-

TRI-STATE BIODIESEL, LLC, and
BRENT BAKER,

                Defendants.

No. 17-cv-2353 (RJS)
OPINION AND ORDER

RICHARD J. SULLIVAN, District Judge:

Plaintiff Jerome Bonaparte brings this action against his former employers, Tri-State Biodiesel, LLC ("Tri-State") and Brent Baker (collectively, "Defendants"), alleging, *inter alia*, that Tri-State improperly withheld overtime compensation as required by federal and state wage and hour laws. Now before the Court is Defendants' motion for summary judgment on the grounds that Tri-State is exempt from the overtime requirements of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 *et seq.*, and that, in any event, Bonaparte's federal claims must be dismissed as untimely. (Doc. No. 27.) For the reasons that follow, Defendants' motion for summary judgment is GRANTED.

I. BACKGROUND

A. Facts[1]

Defendant Tri-State is a Delaware limited liability company that operates a fleet of trucks to collect used cooking oil ("UCO") from restaurants and other businesses, transports the UCO to

---

[1] The following facts are drawn from Defendants' Local Civil Rule 56.1 Statement (Doc. No. 30 ("Def. 56.1")) and Plaintiffs' Local Civil Rule 56.1 Counter-Statement (Doc. No. 34 ("Pl. 56.1")). Unless otherwise noted, where only one party's 56.1 Statement or Counter-Statement is cited, the other party does not dispute the fact asserted, has offered no admissible evidence to refute that fact, or merely objects to inferences drawn from that fact. In resolving the

its refining facility in the Bronx – where it purifies the UCO by removing sediments and water – and then sells the refined UCO to biodiesel producers. (Def. 56.1 ¶¶ 1, 3, 4, 7, 18–20.) Defendant Brent Baker is the founder and chief executive officer of Tri-State. (*Id.* ¶ 2.)

In June of 2009, the United States Department of Labor (the "DOL") conducted an audit of Tri-State's overtime practices and concluded that Tri-State was in compliance with federal law. (*Id.* ¶ 11; Doc. No. 29-2 at 3–6.) Relevantly, the DOL concluded that Tri-State's drivers were covered under the Motor Carrier Act, 29 U.S.C. § 213(b)(1), which exempts "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service" from the FLSA's mandatory overtime provision, *see* 29 U.S.C. § 207(a)(2)(C). (Def. 56.1 ¶ 11; *see also* Doc. No. 29-2 at 5–6.)

Tri-State hired Plaintiff Bonaparte as a truck driver in or about December 2010. (Def. 56.1 ¶ 8.) Although the FLSA requires employers to pay employees an overtime rate of time and a half for all hours worked in excess of 40 hours per week, *see* 29 U.S.C. § 207(a)(2)(C), Tri-State only paid Bonaparte an overtime rate of time and a half for all hours worked in excess of 50 hours per week.[2] (Def. 56.1 ¶¶ 9, 10.) Tri-State fired Bonaparte on July 1, 2014. (*Id.* ¶ 40.)

B. Procedural History

Bonaparte initiated this action on March 31, 2017, bringing claims for failure to pay overtime compensation in violation of the FLSA, and failure to pay overtime compensation and wages for all hours worked in violation of the New York Labor Law, N.Y. Lab. Law § 650 *et seq.*

---

motions, the Court also considered Defendants' memorandum of law in support of its motion for summary judgment (Doc. No. 31 ("Mem.")), Plaintiffs' memorandum of law in opposition to the motion for summary judgement (Doc. No. 32 ("Opp.")), Defendants' reply brief (Doc. No. 35 ("Reply")), and the documents submitted in support thereof (Doc Nos. 28–29, 33).

[2] While the Motor Carrier Act does not require employers to pay covered employees any specific overtime rate, Defendants assert that they paid an overtime rate of time and a half for all hours worked in excess of 50 hours per week in order to incentivize their drivers to work more. (*See, e.g.*, Doc. No. 29-2 at 4, 6.)

2

(Doc. No. 1.) Defendants answered the complaint on May 4, 2017, asserting counterclaims against Bonaparte for conversion, unjust enrichment, and fraud. (Doc. No. 10.) Discovery concluded on October 6, 2017 (*see* Doc. No. 22), and on December 21, 2017, Defendants filed the instant motion seeking summary judgment on the grounds that (1) the Motor Carrier Act exempts Bonaparte's employment from the overtime requirements of the FLSA, and (2) Bonaparte's FLSA claim is barred by the statute of limitations (Doc. No. 27). The motion was fully briefed on January 30, 2018. (*See* Doc. Nos. 31, 32, 35.)

## II. LEGAL STANDARD

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment should be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is "no genuine dispute as to any material fact" where (1) the parties agree on all facts (that is, there are no disputed facts); (2) the parties disagree on some or all facts, but a reasonable fact-finder could never accept the nonmoving party's version of the facts (that is, there are no genuinely disputed facts), *see Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); or (3) the parties disagree on some or all facts, but even on the nonmoving party's version of the facts, the moving party would win as a matter of law (that is, none of the factual disputes are material), *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In determining whether a fact is genuinely disputed, the court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Weyant v. Okst*, 101 F.3d 845, 854 (2d Cir. 1996). Nevertheless, to show a genuine dispute, the nonmoving party must provide "hard evidence," *D'Amico v. City of New*

*York*, 132 F.3d 145, 149 (2d Cir. 1998), "from which a reasonable inference in [its] favor may be drawn," *Binder & Binder PC v. Barnhart*, 481 F.3d 141, 148 (2d Cir. 2007). "Conclusory allegations, conjecture, and speculation," *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998), as well as the existence of a mere "scintilla of evidence in support of the [nonmoving party's] position," *Anderson*, 477 U.S. at 252, are insufficient to create a genuinely disputed fact. A moving party is "entitled to judgment as a matter of law" on an issue if (1) it bears the burden of proof on the issue and the undisputed facts meet that burden; or (2) the nonmoving party bears the burden of proof on the issue and the moving party "'show[s]' – that is, point[s] out . . . – that there is an absence of evidence [in the record] to support the nonmoving party's [position]." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

### III. DISCUSSION

Defendants first argue that the Court should dismiss Bonaparte's FLSA claim because his employment as a truck driver falls under the FLSA's Motor Carrier Act exemption. In the alternative, Defendants seek summary judgment on the ground that Bonaparte's FLSA claim – which was filed more than two and a half years after his termination from Tri-State – is barred by the statute of limitations. Specifically, Defendants point out – correctly – that the statute of limitations for violations of the FLSA is ordinarily two years, unless the violation was committed willfully, in which case the statute of limitations is extended to three years. *See* 29 U.S.C. § 255(a). Defendants contend that Bonaparte cannot demonstrate that they violated the FLSA willfully, in part because they reasonably relied upon the DOL's conclusion that Tri-State's overtime practices complied with federal law. The Court agrees. Accordingly, because the Court finds that Bonaparte's FLSA claim is untimely, it need not reach the merits of Defendants' Motor Carrier Act exemption argument.

4

A. Willfulness

"An employer willfully violates the FLSA when it 'either knew or showed reckless disregard for the matter of whether its conduct was prohibited by' the Act." *Young v. Cooper Cameron Corp.*, 586 F.3d 201, 207 (2d Cir. 2009) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)). "Mere negligence is insufficient." *Id.* "An employee can demonstrate his employer's reckless disregard of the FLSA's requirements by proving his employer was subjectively aware of a 'substantial danger' that the violation existed." *He v. Home on 8th Corp.*, No. 09-cv-5630 (GBD), 2014 WL 3974670, at *6 (S.D.N.Y. Aug. 13, 2014) (citing *ECA, Local 134 IBEW Joint Pension Trust of Chicago v. JP Morgan Chase Co.*, 553 F.3d 187, 198 (2d Cir. 2009)). However, where an "'employer acts unreasonably, but not recklessly, in determining its legal obligation,' then its action should not be 'considered willful.'" *Serricchio v. Wachovia Sec. LLC*, 658 F.3d 169, 191 (2d Cir. 2011) (quoting *McLaughlin*, 486 U.S. at 135 n.13). The employee bears the burden of proving that an employer's violation of the FLSA was willful. *See Young*, 586 F.3d at 207. Where "the nonmoving party bears the burden of proof at trial, summary judgment is warranted if the nonmovant fails to 'make a showing sufficient to establish the existence of an element essential to [its] case.'" *Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993) (alteration in original) (quoting *Celotex*, 477 U.S. at 322).

Here, the record is clear that Tri-State's overtime policy for drivers was audited by the DOL in 2009. Specifically, the DOL concluded that Tri-State's drivers were exempt from the FLSA by virtue of the Motor Carrier Act exemption. (Doc. No. 29-2 at 5–6.) Bonaparte was hired a year later and was paid in conformity with the DOL's finding. (Def. 56.1 ¶ 8.) Because Bonaparte has put forth no evidence to suggest that Defendants recklessly relied upon the DOL's

5

audit, no reasonable trier of fact could conclude that Defendants' alleged violations of the FLSA's overtime provisions were willful.

To be sure, Bonaparte does argue that the Motor Carrier Act exemption is inapplicable to this case. That is, noting that the Secretary of Transportation only has jurisdiction over – and the Motor Carrier Act therefore only applies to – motor carriers that transport passengers, property, or both in interstate commerce, *see* 49 U.S.C. § 13501, Bonaparte contends that the Motor Carrier Act cannot apply to him because he "rare[ly]" travelled interstate routes while employed as a truck driver. (*See, e.g.*, Pl. 56.1 ¶ 13.) However, the DOL explicitly found that Tri-State's drivers were "exempt under the provision of the Motor Carrier[] Act . . . [because] they are in a pool of drivers which could be called upon *at any time* to deliver [used cooking] oil out of state . . . ." (Doc. No. 29-2 at 5 (emphasis added).) And Bonaparte himself admits that he "couldn't predict" when he would be called upon to transport UCO to or from New Jersey or Connecticut. (*See* Doc. No. 28-3 at 17:6–11.) Thus, even if it could be argued that Tri-State should not have relied upon the DOL audit with respect to drivers – like Bonaparte – who rarely drove interstate routes, the fact remains that Bonaparte has put forth no evidence that would allow a reasonable trier of fact to conclude that Defendants acted more than negligently in doing so.

Without evidence of actual willfulness on the part of Defendants, Bonaparte principally resorts to legal arguments designed to blur the line between willfulness and negligence. Relying on the Fifth Circuit's decision in *Coleman v. Jiffy June Farms, Inc.*, 458 F.2d 1139 (5th Cir. 1972) (holding that an employer's FLSA violation could be found willful as long as the employer was generally "aware[] of the possible applicability of the FLSA"), Bonaparte argues that Defendants' understanding that "the FLSA was potentially applicable to its workers" was "sufficient to make [their] violation willful[.]" (Opp. at 15.) According to Bonaparte, Baker acknowledged at the time

6

of Bonaparte's hiring that his overtime pay would fall under the Motor Carrier Act exemption, thus demonstrating Defendants' general awareness of the FLSA and its potential applicability to Bonaparte. (*See id.*) However, the Supreme Court in *McLaughlin* "readily reject[ed]" *Jiffy June*'s definition of "willful," finding that it was "not supported by the plain language of the statute" as it "virtually obliterate[d] any distinction between willful and nonwillful violations." 486 U.S. at 132–34. Therefore, even if Defendants had a general awareness of the FLSA, Bonaparte has not demonstrated that Tri-State's decision to base Bonaparte's pay on the Motor Carrier Act exemption – which had been endorsed by the DOL a year earlier – amounted to an intentional or reckless disregard of the FLSA. *See, e.g., Bowrin v. Catholic Guardian Soc'y*, 417 F. Supp. 2d 449, 475–76 (S.D.N.Y. 2006) (finding that "violation[s] of the overtime provisions of the FLSA [did] not rise to the level of willfulness" where an employer made "some effort to ascertain whether it was entitled to an exemption.").

In the absence of a willful violation, FLSA claims are subject to a two-year statute of limitations. 29 U.S.C. § 255(a). Accordingly, because this case was commenced on March 31, 2017, more than two years after Bonaparte was terminated by Tri-State, Bonaparte's FLSA claim is untimely and must be dismissed.

### B. State Law Claims

Having dismissed Bonaparte's federal claim, the Court next considers whether to exercise supplemental jurisdiction over Bonaparte's remaining state law claims and Defendants' state law counterclaims. *See* 28 U.S.C. § 1367(c)(3) ("[A] district court[] may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."). As the Second Circuit has instructed, in most cases where all federal claims have been dismissed before trial, "the balance of factors to be considered under

the [supplemental] jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims." *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial . . . the state claims should be dismissed as well."). This is true even when the case has proceeded through discovery and on to summary judgment. *See, e.g., Ziming Shen v. City of New York*, 725 F. App'x 7, 16 (2d Cir. 2018); *Gonzalez v. Micelli Chocolate Mold Co.*, 514 F. App'x 11, 12 (2d Cir. 2013). Therefore, the Court declines to exercise supplemental jurisdiction and dismisses Bonaparte's New York Labor Law claims without prejudice. *See* Gibbs, 383 U.S. at 726–27 ("[S]tate claims may be dismissed without prejudice and left for resolution to state tribunals."). As for Defendants' counterclaims, Defendants agree that, if the Court dismisses Bonaparte's New York Labor Law claims, the Court should also dismiss Defendants' counterclaims. (Mem. at 12.) Accordingly, the Court also declines to exercise supplemental jurisdiction over Defendants' state law counterclaims and dismisses them without prejudice.

V. CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED. IT IS HEREBY ORDERED THAT Plaintiff's FLSA claims are dismissed with prejudice, and Plaintiff's New York Labor Law claims and Defendants' counterclaims are dismissed without

prejudice. The Clerk of Court is respectfully requested to terminate the motion pending at docket number 27 and to close this case.

SO ORDERED.

Dated:   September 20, 2018
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE